JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
The defendant-appellant, Joseph R. Meyer, appeals from the sentence that was imposed after he pleaded guilty to two counts of burglary, second-degree felonies, and three counts of breaking and entering, fifth-degree felonies. The trial court imposed a four-year prison term for each burglary offense and a six-month prison term for each breaking and entering offense, and it ordered the terms be served concurrently.
Meyer was charged in a five-count indictment alleging in count one, breaking and entering at the Church of Our Savior on March 23, 2003; in count two, burglary of a residence at 3022 Fairfield Avenue on March 25, 2003; in count three, burglary of a residence at 1732 McMillan Street on April 1, 2003; in count four, breaking and entering at a law firm's offices at 2333 Victory Parkway on April 4, 2003; and, in count five, breaking and entering at a law firm's offices at 2134 Matson Road on April 8, 2003.
Meyer now contends in his single assignment of error that the record does not support the sentences because the trial court (1) failed to balance the more serious factors against the less serious factors under R.C. 2929.12(B); (2) erroneously found a recidivism-likely factor under R.C. 2929.12(D) when it relied on the presentence investigation, which incorrectly stated that Meyer had failed to satisfy the terms of probation on two prior occasions; and (3) failed to impose the shortest prison term for each offense as required by R.C. 2929.14(B).
Meyer challenges the trial court's findings as unsupported by the record. The record and transcript of the sentencing hearing, however, demonstrate that the trial court filed a sentencing worksheet with its statutory findings and articulated detailed findings on the record as required by State v. Edmondson,86 Ohio St.3d 324, 1999-Ohio-110, 715 N.E.2d 131. What Meyer has neglected to mention in his brief is that, at the sentencing hearing, Police Specialist Dennis Ficker informed the trial court that with Meyer's cooperation the police had estimated that Meyer had been involved in fifty neighborhood burglaries.
The trial court was obligated to sentence Meyer to a prison term for the burglary offenses in counts two and three. There is a presumption in favor of a prison term in the range of two to eight years for a second-degree felony. See R.C. 2929.13(D). Meyer offered no evidence under R.C. 2929.13(D)(1) or (D)(2) to attempt to persuade the trial court that community control would adequately punish him and thereby to rebut the presumption of imprisonment.
For the fifth-degree felonies in counts one, four, and five, the trial court found that a prison term in the range of six to twelve months was consistent with the purposes and principles of felony sentencing under R.C. 2929.14(A)(5). The trial court observed on the record, although it did not so indicate on its sentencing worksheet, that Meyer was on probation when the offenses were committed. The trial court complied with R.C.2929.13(B)(1)(h) and R.C. 2929.13(B)(2)(a) when it found that a prison term was consistent with the purposes and principles of sentencing in R.C. 2929.11, and that Meyer was not amenable to community control.
Even had the trial court not found that Meyer had committed these offenses while on probation, see R.C. 2929.13(B)(1)(h), it still could have imposed a prison term for a fifth-degree felony based on its finding that a prison term was consistent with the purposes and principles of sentencing, based on the findings that the public would not be adequately protected, that recidivism was likely because of Meyer's prior felony convictions and lack of genuine remorse under R.C. 2929.12, and that Meyer was not amenable to community control. See R.C. 2929.13(B)(2)(b).
Meyer does not dispute that he had two prior breaking-and-entering convictions in 1996 and 1997. Although he now challenges the accuracy of the presentence investigation's conclusion that he had previously violated probation, he failed to challenge the finding when the trial court made it at the sentencing hearing. One of the practical reasons for requiring a trial court to articulate certain findings or reasons at the sentencing hearing is to provide the defendant and counsel an opportunity to correct obvious errors. See State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, at ¶ 22. If Meyer is correct, however, that fact alone is insufficient to vacate the trial court's sentence, as it did not affect the imposition of a prison term for each offense.
Each of Meyer's challenges is more appropriately directed to the length of his prison term. When the trial court imposes more than the minimum prison term on a felony offender who has never served a prison term, the trial court must find on the record that imposition of the shortest prison term will either demean the seriousness of the offense or not adequately protect the public. See R.C. 2929.14(B); see, also, State v. Edmonson,86 Ohio St.3d at 326, 1999-Ohio-110, 715 N.E.2d 131. Although the trial court apparently had access to information that Meyer may have previously served a prison term, the transcript shows that it accepted his word that he had not.
In its analysis under R.C. 2929.14(B), the trial court stated that it was not imposing the shortest prison term for the offenses in counts two and three because "I find that the shortest term demeans the seriousness of the crime. I also find the shortest term does not adequately protect the public. * * * I make those findings, again, because the defendant has two prior felony convictions for breaking and entering, plus misdemeanor convictions for criminal trespass and theft." We hold that the trial court made the required statutory findings to impose more than the shortest prison terms.
There is no need to address the prison terms for the fifth-degree felonies in counts one, four, and five because the trial court imposed the shortest prison term from the range provided for each of those offenses.
Concluding that the trial court's sentence is clearly and convincingly supported by the record, we overrule Meyer's assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Painter, JJ.